## Gross v. Feinberg.

*Thomas J. Lanshe,* for plaintiff; *Jules Pepper,* for defendant.

ALESSANDRONI, J., Nov. 20, 1930.—An attachment under the Act of 1869 was made by the plaintiff. The affidavit in support of it averred that the defendant was indebted to the plaintiff in the sum of $300 upon a loan duly acknowledged in writing by the defendant; that the defendant owned a grocery store at the time the loan was made and orally promised to repay the loan from the proceeds of the sale of the grocery business; that on Nov. 18, 1929, the defendant sold the grocery store and did not comply with the Bulk Sales Act by making an affidavit including the plaintiff as a creditor; that $250 had been deposited with A. S. Harzenstein to pay certain indebtedness which did not include that of the plaintiff.

The attachment issued on Nov. 29, 1929, and on Dec. 18, 1929, the defendant petitioned for the present rule, averring that the defendant is not removing his property out of the jurisdiction of this court with intent to defraud creditors; that at the time the attachment was issued he owned a parcel of real estate and that the attachment was issued without legal justification and was instituted only to harass the defendant. Plaintiff filed an answer to this petition, denying that the beneficial interest in premises No. 6042 Chester Avenue was in the defendant at the time the attachment was issued and averring that the sole purpose of the rule was to frustrate the payment of an admitted obligation.

It is significant that the petition to dissolve the attachment does not deny the fact averred in the affidavit for the attachment that the sale of the grocery store was made in violation of the Bulk Sales Act in so far as the plaintiff is concerned. It was held by von Moschzisker, J., in Albert Ochse Co. *v.* Drda et al., 34 Pa. C. C. Reps. 151, that the facts that will constitute a fraudulent debtor under the Bulk Sales Act of 1905 will without further proof constitute a fraudulent debtor under the Act of 1869. This case was cited with approval in Kelly Co. *v.* Snyder, 58 Pa. Superior Ct. 1, and affirmed in Armstrong Grocery Co. *v.* Hutchison, 13 D. & C. 231.

The Bulk Sales Act of May 23, 1919, P. L. 262, section 3, provides that if there is a violation of its provisions as to creditors of the vendor, "then such sale or transfer shall be fraudulent and void. . . ." The Act of 1905 simply recited that a violation of its terms should render the sale fraudulent and voidable.

The mere fact that the defendant in his depositions denied that the obligation to the plaintiff was to be one of the grocery business is immaterial, inasmuch as it has been decided that the Bulk Sales Act applies to all creditors

without any class preference: Miller *v.* Myers, 300 Pa. 192. It, therefore, appearing under our authorities that, as a strict legal proposition, a violation of the Fraudulent Debtors' Act constitutes the offender a fraudulent debtor as defined under the Act of 1869, the petition to dissolve this attachment should be dismissed. The defendant does not deny that he owes the sum claimed.

And now, to wit, Nov. 20, 1930, the rule to dissolve attachment is discharged.